**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID OWEN,

Plaintiff,

v. No. 1:26-cv-0700 MLG/DLM

AUDUBON FIELD SOLUTIONS, LLC,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Audubon Field Solutions, LLC's Motion for Protective Order and to Quash Subpoenas to Jackson Lewis P.C. (Docs. 1–2.) Having considered the parties' arguments and the relevant law, the Court will **GRANT** the motion.

## I. Relevant History

In a separate lawsuit, Plaintiff David Owen alleges that Audubon failed to pay him overtime pay as required by the New Mexico Minimum Wage Act. (*See Owen v. Audubon Field Sols., LLC*, 2:24-cv-0215 MLG/DLM, Doc. 1.) Owen conducted Rule 30(b)(6) depositions of Audubon's corporate representatives in October and November 2025. (*See* Doc. 26 at 2 (citing 2:24-cv-0215, Doc. 71-1).) Owen alleges that Audubon's representatives disclosed for the first time at these depositions "the existence of documents, communications, and individuals involved in the creation, modification, and approval of the pay practice at issue." (*See id.* (citing Doc. 76).) Owen asserts the testimony revealed that Audubon retained Jackson Lewis, P.C. (JL) attorney "Charles Wilson to review and modify changes to Audubon's pay practice and determine how to prorate Owen's pay." (*See id.*)

Audubon explains that in 2016, it litigated two cases with issues similar to those in Owen's

lawsuit. (*See* Docs. 2 at 3; 3-6 ¶ 5.[1]) Dan Wellons, Audubon's General Counsel and one of Audubon's Rule 30(b)(6) witnesses, testified at the depositions that Audubon retained Wilson to advise Audubon on the salary issue. (*See* Docs. 2 at 3–4; 3-6 ¶ 6; 3-7 at 27:12–13.) "Audubon [has] continued to engage Wilson from 2017 to the present to provide legal advice and guidance in connection with reducing risk of continuing and additional litigation as well as representation in ongoing suits or indemnity demands against Audubon arising out of these types of claims." (*See* Doc. 3-6 ¶ 9.)

Following the depositions, Audubon "refused to supplement [written] discovery" to Owen's satisfaction. (*See* Doc. 26 at 3 (citing Doc. 2-3).) As a result, Owen served nearly identical subpoenas on two law firms: (1) Cozen O'Connor, P.C. (Cozen), where Wilson worked when Audubon first retained him in 2017 (*see* Doc. 3-6 ¶ 6) (*see also Owen v. Audubon Field Sols., LLC*, No. 2:25-mc-0070 CFK, Doc. 1 (E.D. Penn.)); and (2) the JL offices located in West Harrison, New York (Doc. 3-3 at 2–7), New York, New York (Doc. 3-4 at 2–7), and Albany, New York (*Owen v. Audubon Field Sols., LLC*, 1:26-cv-1435 MLG/DLM, Docs. 1; 1-3 at 2 (D.N.M.)).

Audubon filed three separate actions to quash the subpoenas: (1) 2:25-mc-0070 CFK (E.D. Pa.); (2) 1:25-mc-0032 GTS/PJE (N.D.N.Y.); and (3) 1:25-mc-0588 MMG (S.D.N.Y.). On February 18, 2026, United States District Judge Chad Kenney granted Audubon's motion and quashed the subpoena served on Cozen. *See* 2:25-mc-0070, Doc. 14 (E.D. Pa.). The case out of the Southern District of New York was transferred to this Court on March 9, 2026. (*See* Doc. 18.) The case out of the Northern District of New York was transferred to this Court on May 6, 2026. (*See* 1:26-cv-1435, Doc. 19.) On May 12, 2026, the Court stayed the proceedings in an effort to

[1] The Court refers to all exhibits using the CM/ECF designation and pagination. For example, the Court cites relevant pages of the subpoena using Doc. 3-4 at 2–7, rather than as Docs. 3 & 3-A as they are labeled in Audubon's filings.

settle the original lawsuit. (*See* Doc. 30.) Mediation was unsuccessful. (*See* 2:24-cv-0215, Doc. 145.)

## II. Legal Standard

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "In considering whether to permit discovery, courts must consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-cv-0291 KG/KRS, 2024 WL 584581, at *2 (D.N.M. Feb. 13, 2024) (quoting Fed. R. Civ. P. 26(b)(1)). "[C]ourts may limit discovery 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)).

"[Federal Rule of Civil Procedure] 45 governs subpoenas issued to nonparties." *See id.* (citing Fed. R. Civ. P. 45; *Simon v. Taylor*, No. 1:12-cv-0096 JB/WPL, 2014 WL 6633917, at *21 (D.N.M. Nov. 18, 2014), *aff'd*, 794 F. App'x 703 (10th Cir. 2019)). Rule 45 requires a Court to "quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)); *see also Dobrovolskaya v. Monarch Air Grp., LLC*, No. 1:25-mc-0032 JLR, 2025 WL 733258, at *2 (S.D.N.Y. Mar. 7, 2025). "While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." *See Alsaadi*, 2024 WL 584581, at *2 (citing

*Quarrie v. Wells*, No. 2:17-cv-0350, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020)); Fed. R. Civ. P. 45(d)(1).

"The trial court has discretion to grant a protective order pursuant to rule 26(c)." *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1119 (D.N.M. 2019) (citation omitted); *see also Dobrovolskaya*, 2025 WL 733258, at *2 (quotation omitted). The party seeking the protective order has the burden to show good cause for the order. *See Bhasker*, 361 F. Supp. 3d at 1119 (citations omitted); *Dobrovolskaya*, 2025 WL 733258, at *2 (quotation omitted). "[T]he burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Dobrovolskaya*, 2025 WL 733258, at *2 (quotation omitted).

## III. Analysis

### A. Audubon has standing to move to quash the subpoenas.

Audubon has standing to move to quash the subpoenas issued to JL. Although "[a] party generally has no standing to object to subpoenas issued to a non-party," that is not the case where the party can establish a "personal right or privilege regarding the subject matter in the documents sought." *See Alsaadi*, 2024 WL 584581, at *3 (citing *Pub. Serv. Co. of Okla. v. A Plus Inc.*, No. 10-cv-0651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011)); *see also Sky Med. Supply Inc. v. SCS Support Claim Servs. Inc.*, No. 12-cv-6383 JFB/AKT, 2017 WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017) (quotation omitted). Here, Audubon claims that the subpoenas seek information protected by attorney-client privilege and/or the work product doctrine. (*See* Doc. 2 at 9, 11.) Owen does not dispute standing on this basis. (*See* Doc. 26 at 5.)

The Court finds that Audubon has standing to move to quash the subpoenas on the basis that they seek material protected by privilege. The subpoenas request all documents and communications exchanged between JL and Audubon, as well as documents and communications

JL created or obtained but did not exchange with Audubon, from January 1, 2016, through May 1, 2021, regarding Owen or the challenged pay practice. (*See* Docs. 2 at 7; 3-3 at 6–7; 3-4 at 6–7.) Wilson, an attorney with JL, represents Audubon in this lawsuit. Thus, on their face, the subpoenas seek privileged documents and attorney work product, and Audubon has standing to move to quash.

**B. The Court will quash the subpoenas.**

The Court will quash the subpoenas because they are overbroad, does not allow a reasonable time to comply, and seeks privileged and protected material. To begin, the Court notes that the subpoenas identify the "relevant time period" as January 1, 2016, through May 1, 2021. (See Docs. 3-3 at 6; 3-4 at 6.) Yet the undersigned has previously determined that the relevant time period for purposes of discovery is the timeframe of Owen's employment – March 1, 2018, through April 21, 2021. (*See* 2:24-cv-0215, Doc. 47 at 26:18–25, 29:22–30:6.) Owen fails to establish that any documents created or exchanged before that date are relevant. On this basis alone, the subpoenas are overbroad and fail to comply with the Court's previous orders.

More importantly, the subpoenas seek a sweeping range of documents protected by the attorney-client privilege and the work product doctrine. Although the scope of discovery is generally "very broad, the attorney-client privilege and the attorney work-product doctrine set boundaries on what litigants can obtain." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007). "[S]tate law governs the question of attorney-client privilege in a diversity action, [but] federal law governs the applicability of the work product doctrine." *Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96, 105 (S.D.N.Y. 2007) (citation omitted); *see also Anaya*, 251 F.R.D. at 649.[2]

[2] This case was filed in the Southern District of New York and transferred to the District of New Mexico pursuant to Federal Rule of Civil Procedure 45(f). Neither party addressed whether New York or New Mexico law applies to the

Owen seeks nine categories of documents from JL covering what he identifies as the "relevant time period." (*See* Doc. 3-4 at 7.) These include: "all documents" JL provided to and received from Audubon regarding Owen, the challenged pay practice, and the prorated pay period; and "all documents" JL "compiled, created, researched, calculated, or otherwise made/obtained but did not provide to, or receive from Audubon regarding" Owen, the challenged pay practice, and the prorated pay period. (*See id.* (capitalization omitted).) In other words, Owen seeks every "email, invoice, note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever" produced by a law firm representing a party to this lawsuit, or received by the law firm from a party to this lawsuit. (*See id.* at 6–7.) This request is extraordinarily broad and facially encompasses privileged attorney-client communications and attorney work product.

This catchall list of documents "call[s] for material protected by the attorney-client privilege, including attorney-client communications, and the attorney work product doctrine, given" that JL represents Audubon in the original lawsuit. *See Owen*, 2:25-mc-0070 CFK, Doc. 14 at 13. JL attorney Wilson was "hired precisely because of [Audubon's] history of involvement in wage litigation and anticipation that it may be subject to further suits; indeed, [Audubon] notes that 'the same law firm representing . . . Owen constantly solicited Audubon employees via LinkedIn,' and thus the prospect of litigation was acute." *See id.* (citations omitted). (*See also* Doc.

attorney-client privilege issue nor "identified any significant conflict between" the two states' caselaw. *See, e.g.*, *Garrity v. Governance Bd. of Carinos Charter Sch.*, No. 1:20-cv-0340 MV/KK, 2021 WL 3033278, at *3 (D.N.M. July 19, 2021).

3-6 at 2–4.) Accordingly, the subpoenas seek materials created because of anticipated litigation, which falls squarely within the protections afforded by the work-product doctrine.

Owen contends that "Audubon clearly waived any claim of privilege" due to the scope of Wellons's testimony at the Rule 30(b)(6) deposition. (*See* Doc. 26 at 8 (citing Doc. 26-1).) The Court, however, agrees with Judge Kenney, who addressed this argument in granting the motion to quash the subpoena served on Cozen and found that "[w]hile Mr. Wellons at times discussed the *facts* surrounding [Audubon's] payment practices, he did not testify as to the substance of his discussions and communications with his attorneys, and thus there was no waiver."[3] *See Owen*, 2:25-mc-0070 CFK, Doc. 14 at 3–4 (citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 308 (5th Cir. 2020)); *see also Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 256 F.R.D. 661, 670–71 (D.N.M. 2009). The Court likewise finds that Wellons did not waive the attorney-client privilege with respect to the subpoenaed documents in his deposition testimony.

Owen also argues that Audubon failed to substantiate its claim of privilege because it did not provide a privilege log. (*See* Doc. 26 at 6–8.) Given the sheer volume of materials requested, the Court struggles to imagine how JL would have gathered and summarized responsive documents in the *twelve days* Owen gave JL to respond. (*See* Docs. 3-3 at 2; 3-4 at 2 (subpoenas dated Dec. 5, 2025, with a compliance date of Dec. 17, 2025).) Moreover, where a discovery request is facially overbroad and obviously encompasses privileged material, a detailed privilege log is not required. *See Castillo v. Villa*, No. 1:15-cv-0344 SCY/KK, 2016 WL 10592207, at *6–7 (D.N.M. Jan. 22, 2016). Because the subpoenas are facially overbroad and clearly seek privileged

[3] Nor, as Judge Kenney noted, has Audubon asserted an advice of counsel affirmative defense in the original case. *See Owen*, 2:25-mc-0070, Doc. 14 at 4 (citations omitted). (*See also* Docs. 2 at 2; 3 at 2.)

material, Rule 26(b)(5) does not require Audubon or JL to produce a document-by-document privilege log.

In sum, the Court finds that the subpoenas are overbroad and seek an expansive range of documents protected by the attorney-client privilege and work-product doctrine. Audubon's motion is well-taken and will be granted.

**IT IS THEREFORE ORDERED** that Audubon's Motion for Protective Order and to Quash Subpoenas to Jackson Lewis P.C. (Docs. 1–2) is **GRANTED** and Owen's subpoenas are **QUASHED**.

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE